ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
California Bar Number 149883
P. GREG PARHAM
Assistant United States Attorney
California Bar Number 140310
   U.S. Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone: (213) 894-6166
   Facsimile: (213) 894-7177
   E-mail: Steven.Welk@usdoj.gov

Attorneys for Plaintiff
United States of America

**JS-6**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) CV 07-00107 SJO(AJWx) |
|---|---|
| Plaintiff, | ) **FINAL CONSENT JUDGMENT OF FORFEITURE** |
| vs. | ) |
| $35,000.00 IN U.S. FUNDS AND $765.85 IN ACCRUED INTEREST, | ) **[This consent judgment is case-dispositive.]** |
| Defendants. | ) |

    Plaintiff commenced three civil in rem forfeiture actions now pending in the United States District Court for the Central District of California: (1) <u>United States of America v.</u>

1  $1,573,099.93, Case No. CV 06-1971 SJO (AJWx); (2) United States
2  of America v. $35,000 in U.S. Funds, et al., Case No. CV 07-0107
3  SJO (AJWx) (these two actions are collectively referred to as
4  the "Monetary Actions"); and (3) United States of America v.
5  Real Property Located in Diamond Bar, California (Tringham),
6  Case No. CV 06-0609 SJO (AJWx) ("Diamond Bar Action"). (The
7  Monetary Actions and the Diamond Bar Action are collectively
8  referred to as the "In Rem Actions.")
9      This instant action was filed on January 4, 2007.
10 Plaintiff seeks the forfeiture of the defendants $35,000.00 in
11 U.S. funds and $765.85 in accrued interest (hereinafter
12 "defendant funds"). Notice was given and published in
13 accordance with law. Robert Tringham ("Tringham")[1] was formerly
14 the president and owner of First National Ban Corp. ("FNBC"), a
15 corporate entity which filed a claim and answer on August 7,
16 2007 and August 9, 2007, respectively. Docket Number ("DN") 12
17 and 15. On October 3, 2012, a Consent Judgment of Forfeiture
18 as to Tringham was entered, resolving the claims of Tringham.
19 DN 64. On or about January 13, 2012, Robb Evans & Associates
20 LLC, the receiver, ("Receiver"), of Finbar Securities Corp.
21 ("Finbar")[2] filed a claim and answer to the complaint because

---

[1] Although not a claimant in this action, Tringham was a party to action by virtue of any ownership interest he had in First National Ban Corp.

[2] The Receiver was appointed pursuant to a Preliminary Injunction and Judgment of Permanent Injunction issued on April 13, 2009 in Securities and Exchange Commission v. Finbar Securities Corp. and Robert Tringham, et al., CV 09-2325 ODW(VBKx). Pursuant to that litigation, the Receiver was appointed as receiver over Finbar and its affiliates and subsidiaries. FNBC and FAMC are believed to be two such affiliates and/or subsidiaries of Finbar.

1  FNBC was believed to be a subsidiary or affiliate of Finbar.  DN
2  50-51.  On or about March 8, 2012, an Amended Complaint was
3  filed pursuant to stipulation.  DN 57.  No other claims or
4  answers have been filed, and the time for filing claims and
5  answers has expired.  Plaintiff and Receiver have reached an
6  agreement that is dispositive of the remaining claims in this
7  action, and have requested that the Court enter this Consent
8  Judgment of Forfeiture.
9       The government has alleged that Tringham conducted
10 fraudulent schemes in the names of FNBC.  Tringham also used
11 entities named First Asset Management Corporation ("FAMC"),
12 Colony Mortgage Banc ("CMB") and Capital Ban Corp ("CBC").
13 Victims of Tringham's fraudulent schemes perpetrated in the
14 names of or through FNBC, FAMC, CMB and CBC are collectively
15 referred to as the "Non-Finbar Victims."  Victims of Tringham's
16 fraudulent schemes perpetrated in the name of Finbar are
17 referred to as the "Finbar Victims."
18      Tringham was arrested, convicted and sentenced to prison in
19 connection with one or more of the fraudulent schemes
20 perpetuated in the names of or through Finbar, FNBC, FAMC, CMB
21 and CBC.
22      Plaintiff and the Receiver have engaged in extensive and
23 lengthy negotiations in an effort to resolve their disputes and
24 differences.  These negotiations have, from time to time,
25 included the Asset Forfeiture and Money Laundering Section of
26 the Department of Justice in Washington, D.C ("AFMLS") and the
27 Securities and Exchange Commission ("SEC").  AFMLS agreed to
28 undertake a non-binding victim remission and restoration process

("Claims Process") whereby, among other things, AFMLS reviewed and approved the proposed allowed claims for all Finbar Victims and Non-Finbar Victims to be paid from the Defendant Assets, as more particularly set forth herein.  The proposed allowed claims for Finbar Victims were submitted to AFMLS by the Receiver.  The proposed allowed claims for Non-Finbar Victims were submitted to AFMLS by such victims.  AFMLS has made proposed allowed claims determinations in connection with the distribution of the Defendant Assets, based on the claims that were submitted and other relevant information.  Plaintiff and the Receiver agree with the proposed allowed claims as determined by AFMLS in its Claims Process and seek to have the AFMLS claims determinations made final and binding.

**WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

1.   Forfeiture of Defendant Assets

All of the Defendant Assets in the In Rem Actions shall be forfeited, less a sum not exceeding $125,000 which will be withheld from the defendant assets in Case No. CV 06-1971-SJO to pay the fees and expenses of the Receiver and its counsel as may be allowed by the Court in the SEC Action and to the extent that the receivership estate has insufficient assets to pay such fees and expenses otherwise ("Withheld Assets").  (The Defendant Assets less the Withheld Assets are referred to as the "Forfeited Assets."  The Forfeited Assets, less a minor amount of costs attributable to the Claims Process, and the costs to be incurred and liens to be paid in connection with the sale of the Diamond Bar Property, are referred to as the "Net Forfeited Assets.")

1    2.   Finbar Victims Allowed Claims

The claims of Finbar Victims shall be allowed in the aggregate amount of $8,787,656.25 as follows:

| | Name | Allowed Claim Amount |
|---|---|---|
| (a) | Juergen Votteler | $2,273,810.47 |
| (b) | Werner Weber | $1,287,880.00 |
| (c) | Mattias Baumeler | $1,000,100.00 |
| (d) | Peter Wuergatsch | $1,100,070.00 |
| (e) | Jeri Tulipan | $762,788.05 |
| (f) | Manfred Trocha | $1,963,355.25 |
| (g) | Meera Anstalt | $399,652.48 |

The claims of Finbar Victims as set forth above shall be referred to as "Finbar Victims Allowed Claims."

3.   Non-Finbar Victims Allowed Claims

The claims of Non-Finbar Victims shall be allowed in the aggregate amount of $6,351,137.  To protect the privacy rights of the Non-Finbar Victims, the names of the Non-Finbar Victims and itemized amount of each Non-Finbar Victim's claim are not included in this Consent Judgment.  However, the government has presented to the Receiver the name of each Non-Finbar Victim and the amount of each Non-Finbar Victim's claim by written transmittal made to the Receiver on or about April 1, 2013.  The Receiver has agreed to those claims and the aggregate amount of the claims is as set forth in this paragraph.  The claims of Non-Finbar Victims as set forth in this paragraph shall be referred to as "Non-Finbar Victims Allowed Claims."

//
//

4. Calculation of Distribution Percentages

The Finbar Victims Allowed Claims and the Non-Finbar Victims Allowed Claims are collectively referred to herein as the "Allowed Claims." The Allowed Claims shall be used for the purpose of calculating distributions to Finbar Victims and Non-Finbar Victims from the Net Forfeited Assets, as described in this paragraph. Net Forfeited Assets shall be distributed by the government to the Finbar Victims and the Non-Finbar Victims on a pro rata basis, with each victim's share of the Net Forfeited Assets to be determined by taking such victim's Allowed Claim and dividing it by $15,138,793.36, the aggregate total of all Allowed Claims. The pro rata share of the Net Forfeited Assets for each Finbar Victim (the "Finbar Victims Distribution Percentages") is as follows:

| Name | Distribution Percentage |
|---|---|
| (a) Juergen Votteler | .15020 |
| (b) Werner Weber – | .08507 |
| (c) Matthias Baumeler – | .06606 |
| (d) Peter Wuergatsch – | .07267 |
| (e) Jeri Tulipan – | .05039 |
| (f) Manfred Trocha – | .12969 |
| (g) Meera Anstalt – | .02640 |

Plaintiff and the Receiver understand and agree that the percentages herein, rounded five places, may not reflect the exact percentage on their distribution ultimately made by the government from the Net Forfeited Assets to the Finbar Victims on their Allowed Claims, but that a change from the eventual

1  distribution to the Finbar Victims, if any, shall be de minimis
2  and only as the result of minor rounding variances.
3       5.   No other person or entity shall participate in the
4  distribution of Net Forfeited Assets other than the holders of
5  Finbar Victims Allowed Claims and Non-Finbar Victims Allowed
6  Claims, or their legal successors or assigns.  The Allowed
7  Claims may not be amended or revised in any manner.
8       6.   As soon as practicable after entry of all of the In
9  Rem Judgments, the government shall cause to be marketed and
10 sold the Diamond Bar Property consistent with the government's
11 procedures for the marketing and sale of forfeited real
12 property.
13      7.   As soon as practicable, the Receiver shall bring a
14 motion before the Court in the SEC Action seeking approval of
15 all unpaid fees and expenses incurred by the Receiver and its
16 counsel ("Fee Motion").  After the Court enters an order on the
17 Fee Motion, the Receiver shall provide a written accounting to
18 the government demonstrating the extent to which Withheld Assets
19 must be disbursed to the Receiver to pay any allowed and unpaid
20 fees and expenses.  Any dispute concerning the extent to which
21 the Withheld Assets must be disbursed to the Receiver shall be
22 resolved on motion before the Court in the SEC Action.  The
23 government shall promptly disburse to the Receiver the amount of
24 Withheld Assets needed to pay all allowed and unpaid fees and
25 expenses after receipt of the written accounting from the
26 Receiver or, if necessary, after the Court in the SEC Action
27 resolves any dispute concerning the extent to which the Withheld
28 Assets shall be disbursed to the Receiver.

8. As soon as practicable after the later of the sale of the Diamond Bar Property pursuant to paragraph 6, above, and disbursement of Withheld Assets to the Receiver pursuant to paragraph 7, above, the government shall cause the distribution of the Net Forfeited Assets, including unused Withheld Assets, if any, to the holders of Allowed Claims, including without limitation, to all of the holders of Finbar Victims Allowed Claims in the amount of the Finbar Victims Distribution Percentages.

9. The Court shall retain jurisdiction over this matter to enforce the provisions of this Consent Judgment.

Dated: September 24, 2013

*S. James Otero*

THE HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

[Signatures of counsel appear on following page]

**Approved as to form and content:**

DATED: September 20, 2013        ANDRÉ BIROTTE JR.
                                 United States Attorney
                                 ROBERT E. DUGDALE
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                   /s/ Steven R. Welk
                                 STEVEN R. WELK
                                 Assistant United States Attorney
                                 Chief, Asset Forfeiture Section

                                 Attorneys for Plaintiff
                                 United States of America



DATED: September 20, 2013        MCKENNA LONG & ALDRIDGE LLP


                                   /s/ Gary Owen Caris
                                 GARY OWEN CARIS
                                 LESLEY ANNE HAWES

                                 ATTORNEY FOR RECEIVER
                                 ROBB EVANS & ASSOCIATES LLC